County Court, Ulster County, March, 1899. Unreported.

PEOPLE *v.* DANIEL HEDDEN.

Defendant was arrested at Tuttletown, in the town of Gardiner, for violating the liquor tax law, it being alleged that a person in his employ had sold intoxicating liquor to a minor under 16 years of age, and was held by Justice of the Peace Cornelius Freer to await the action of the grand jury. From this order of the justice, Hedden appealed to the County Court.

VAN ETTEN, J. It is contended by the appellant that the allegations in the information and that the warrant were insufficient to give the justice of the peace jurisdiction, and that the proceedings of said justice and his order holding the defendant to await the action of the grand jury can be reviewed upon appeal to this court.

" The right of appeal in criminal cases is statutory only, and in the absence of a statute authorizing an appeal in a given case, no appeal can be taken." (*People* v. *Tressa,* 128 N. Y. 532.)

Section 515 of the Code of Criminal Procedure provides that

writs of error and of certiorari in criminal actions, etc., are abolished. "And hereafter the only mode of reviewing a judgment or order in a criminal action, or special proceeding of a criminal nature, is by appeal." This section is limited by and must be construed with section 517 of said code, which provides: "In what cases appeal may be taken by defendant. An appeal to the Supreme Court may be taken by the defendant from the judgment on a conviction after indictment," etc. This case does not come within the provisions of either of those sections.

In part V, title 111, of the Code of Criminal Procedure, entitled "of appeals from Courts of Special Sessions," section 749 provides as follows: "A judgment upon conviction, rendered by a Court of Special Sessions, Police Court, police magistrate or justice of the peace, in any criminal action or proceedings or special proceeding of a criminal nature, including a judgment of commitment made under section 291 of the Penal Code, may be reviewed by the County Court of the county, upon an appeal as prescribed by this title, and not otherwise," etc. This appeal is not from a judgment of conviction or a judgment of commitment made under section 291 of the Penal Code, and therefore is not within the provisions of section 749 of said code.

Without passing upon the sufficiency of the information, warrant and evidence, I am of the opinion that this appeal is not authorized by statute, and it is accordingly dismissed.